Breitel, J. (dissenting).
There is no dispute that a
community, by its zoning ordinance, may upgrade the character of the community, provided, of course, that it does not work a confiscation in effect of properties that do not then conform (Levitt v. Incorporated Vil. of Sands Point, 6 N Y 2d 269). In the instant case there had been two zoning ordinances upgrading the community by increasing the minimum lot requirements. Petitioners had for many years met the increasing lot requirements because they had two lots instead of one. Since their residence was on only one of two lots, that lot is free of the ordinance limit. On the other hand, the second lot, kept unimproved, fails to satisfy the current minimum. It certainly would defeat all upgrading zoning if unimproved land should be deemed entitled to the same exemptions for nonconformance as improved land.
But the general consequences aside, the issue is also raised in this case that the lot in question is in an area, the Cranford area, which is already predominantly built up with residences on nonconforming lots. This is at least an exaggeration, if not a distortion. The facts are that, although in the whole area only 24% of the lots conform to the new minimum of 12,000 *36 square feet, only 36% of the lots in the area are as small as petitioners’ lot. More important, there is a significant number of conforming lots closely adjacent to petitioners’ lot which are substantially greater in size than petitioners ’ lot. Indeed, very close to their lot are two developed lots of 48,000 and 37,134 square feet, respectively.
But all of this numerology is largely immaterial so long as there is a rational and sincere effort by the community to upgrade its character. And so long as it is not hopeless or ludicrous for it to do so, because the lower standard has so permeated the community, it can start anywhere because it must start somewhere. That is a matter resting in the discretion of the Zoning Board. (See Levitt v. Incorporated Vil. of Sands Point, supra; Gignoux v. Village of Kings Point, 199 Misc. 485, 488-492; Ann., Zoning-Minimum Area—Validity, 95 ALR 2d 716, 725 et seq.; cf. Euclid v. Ambler Co., 272 U. S. 365, 395.) Certainly, none can say properly, on this record, that the board was arbitrary or capricious, albeit to be sure, one may disagree with their exercise of judgment. If that be so, that is the end of the court’s power to review and undo.
Accordingly, I dissent and vote to affirm the order of the Appellate Division.
Chief Judge Fuld and Judges Van Voorhis, Burke and Scileppi concur with Judge Keating ; Judge Breitel dissents and votes to affirm in an opinion in which Judge Bergan concurs.
Order reversed, with costs in all courts, and matter remitted to. Special Term for proceedings in accordance with the opinion herein.